# D. D. FOSTER *et al.*

### *v.*

# HENRY CLARK.

1. MISTAKE *in master's deed—corrected in equity.* Where a decree of foreclosure of a mortgage directed all the lands described in the mortgage to be foreclosed, and they were all advertised, by the master, for sale under the decree, and were, in fact, all sold by him, but, by mistake, one of the tracts was omitted in the certificate of sale, and in the deed subsequently made by him, it was *held*, that a court of chancery had power to correct the mistake, upon a bill filed by the purchaser for that purpose, and that such correction should be made.

2. In such case, it seems that the mistake in the certificate of sale before the deed was made, might have been corrected, by motion, on proper proof, yet the court could not, on motion, reform the deed, and the only remedy the purchaser would have to correct his deed, would be an application to a court of equity by bill.

15—79TH ILL.

Appeal from the Circuit Court of Iroquois county; the Hon. N. J. Pillsbury, Judge, presiding.

Mr. S. G. Bovie, for the appellants.

Messrs. Doyle & King, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by appellee, in the circuit court of Iroquois county, against appellants, for the purpose of correcting a mistake in a certificate of sale and a deed, which were executed and delivered to appellee by the master in chancery, on the sale of certain lands under a decree foreclosing a mortgage thereon.

It is conceded that, under the decree of foreclosure, all the lands described in the mortgage were decreed to be sold. It is also an undisputed fact that all the lands were advertised, by the master, for sale under the decree; and we think the evidence ample to establish the fact that the lands were all sold to appellee, but in the certificate of sale made by the master, as well as in the deed subsequently given, one forty-acre tract was omitted.

It is, however, urged by appellants, that, if a mistake was made, a court of equity has no jurisdiction to correct the mistake of a ministerial officer; that appellee had a remedy in a court of law to correct the mistake by motion, and, in support of that position, we are referred to *Puterbaugh* v. *Elliott*, 22 Ill. 157, and the cases there cited.

In the case of *Puterbaugh* v. *Elliott*, the bill was filed to correct a mistake made by a sheriff in the description of the premises contained in the levy indorsed on the execution, and also a like mistake contained in the certificate of sale. No mistake was alleged in the deed, nor did the bill seek to reform the deed.

Under the facts of that case, it was said: "There is no such mistake here as a court of equity can be called upon to

reform.   An adequate remedy exists at law, and to a court of law must the complainant resort."

It is quite apparent that the relief asked in that case could have been granted, on motion, in a court of law. and it is a familiar principle that, where there is a complete remedy at law, a court of chancery will not take jurisdiction.

But here, a mistake existed not only in the certificate of sale, but the deed made by the master contained a like defect, and appellee, by his bill, prayed to correct the mistake in the certificate of sale and to reform the deed. .

While, perhaps, the mistake in the certificate of sale, before a deed was made, might have been corrected, by motion, on proper proof before the court, yet the court could not, on motion, reform the deed; and we are aware of no remedy appellee had to correct his deed, except on application to a court of equity, by bill.

While it is true, applications of this character are not of frequent occurrence, and a decree should not be granted, except upon clear and satisfactory proof, yet, as the proof here clearly shows that all the land embraced in the decree was sold, and the omission of the master in chancery to insert one of the tracts in the certificate of sale and deed was a mistake, we perceive no reason why the relief asked should not be granted.   Aside from the direct proof, the mistake is obvious from the manner in which both appellee and appellant treated the land after the time of redemption expired, in the spring of 1873.   Appellant no longer made any claim to the property.   He suffered it to be sold for taxes, and, after appellee obtained a deed from the master, he redeemed it from tax sales, took possession of the tract now in dispute, which contained the buildings, and has occupied it as his own property ever since, no claim whatever having been made by appellant until the filing of the bill, in 1875.

Unless the mistake can be corrected, appellee will suffer great injury, as the tract omitted from the certificate and deed

is the most valuable portion of the land embraced in the purchase.

In *De Revier* v. *Cantillon*, 4 Johnson Ch. 85, which was a bill in equity to correct a mistake of a sheriff, made in a deed, it was held, that a court of chancery had jurisdiction. Chancellor KENT, in delivering the opinion of the court, said: "Can it be possible that such an obvious and injurious mistake as this ought not to be corrected? The correction is required by the most obvious justice. The defendants, in equity and good conscience. are bound to abstain from availing themselves of that mistake, to the prejudice of the plaintiffs." See, also, *Bartlett* v. *Judd*, 23 Barb. 262.

What was said in the case cited. applies with great force to the facts of the case under consideration.

The acts of appellant in suffering the land to be sold for taxes, and making no claim to it after the time of redemption had expired on the sale under the decree. and quietly permitting appellee to go into possession and receive the rents and profits, all clearly show he knew the land had been sold under the decree, and manifest his intention to abandon the property and acquiesce in the sale.

Under such circumstances, it would be no less than a denial of justice for a court of equity to refuse the relief asked.

We are satisfied the decree of the circuit court was correct, and it will be affirmed.

*Decree affirmed.*