(Nos. 40783, 40784, 41204, 41205, 41206, 41207, 41208, 41209 cons.

COUNTRY MUTUAL INSURANCE COMPANY *et al.*, Appellees, *vs.* JOSEPH E. KNIGHT, Director of Financial Institutions, Appellant.

*Opinion filed September 24, 1968.*

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN J. O'TOOLE and DONALD J. VEVERKA, Assistant Attorneys General, of counsel,) for appellant.

GIFFIN, WINNING, LINDNER, NEWKIRK & COHEN, of Springfield, and MEYERS AND MATTHIAS, of Chicago, (ALFRED F. NEWKIRK, HERMAN G. BODEWES, and PAUL E. MATHIAS, of counsel,) for appellees.

THOMAS J. BOODELL and WAYLAND B. CEDARQUIST, (BOODELL, SEARS, SUGRUE & CROWLEY, of counsel,) for *amicus curiae* Illinois Manufacturer's Association.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In 1961, the Illinois General Assembly enacted the Uniform Disposition of Unclaimed Property Act. (Ill. Rev. Stat. 1967, chap. 141, par. 101 *et seq.*). This Act is substantially the Uniform Disposition of Unclaimed Property Act as drafted by the National Conference of Commissioners on Uniform State Laws, and recommended for enactment to all of the States in 1955. (Vol. 9A, Uniform Laws Annotated, p. 416.) The Illinois Act defines abandoned property (sections 2-9) and requires that its holder report (section 11) and pay or deliver it to the State Director of Financial Institutions (section 13). It provides for notice to the owner (section 12) and relieves the person delivering the property from any liability to the owner (section 14). In addition, section 16 provides: "The expiration of any period of time specified by statute or court order, during which an action or proceeding may be commenced

or enforced to obtain payment of a claim for money or recovery of property, shall not prevent the money or property from being presumed abandoned property, nor affect any duty to file a report required by this Act or to pay or deliver abandoned property to the Director."

Pursuant to the provision of the Act, the Director made demand upon the original plaintiffs herein, Country Mutual Insurance Company, State Farm Mutual Auto Insurance Company and State Farm Fire and Casualty Company, to file a report listing all claims incurred after August 17, 1931, and prior to December 31, 1964, which were outstanding and unpaid for more than 15 years. These claims were evidenced by checks issued during the above period which had remained outstanding and unpaid. All claims on these checks were barred by the statute of limitations as of August 17, 1961, the effective date of the Act. The plaintiffs filed a petition for declaratory judgment in the circuit court of Sangamon County, requesting that section 16 of the Act be construed to operate prospectively only or, in the alternative, be declared unconstitutional, as to claims on which the statute of limitations had run as of the effective date of the Act. The trial court ruled that section 16 did not apply to claims on which recovery was barred as of August 17, 1961, and issued a permanent injunction restraining the Director from collecting the funds represented by the checks in question. Subsequently, other suits were filed by corporations similarly situated as the original plaintiffs and each of these cases were disposed of on the basis of the holding in the original suit. The Director appealed from the judgment orders in all of these cases, and the cases have been consolidated in this court for purposes of filing briefs and oral argument.

On appeal, the sole issue presented is whether section 16 applies retrospectively to property on which all claims thereto have been barred by the statute of limitations prior to the effective date of the Act, August 17, 1961. The parties

concede, and it is manifest, that section 16 does apply to property on which claims thereto had not been barred as of its effective date; *viz.*, that section 16 deprives the holder of unclaimed property of the defense of the statute of limitations as against actions brought by the State under the Act where the statute of limitations had not run as of its effective date.

Because the Illinois Act makes no express provision concerning retroactivity, it becomes necessary to closely scrutinize the provisions of the Act to divine, if possible, an expression of legislative intent on this issue. Any equivocal expressions of intent must, of course, be judged in light of accepted rules of statutory interpretation, two relevant rules being: (1) that statutes are presumed to operate prospectively and not retroactively, unless the statutory language is so clear as to admit of no other construction (citations omitted); (2) that where a statute is susceptible of two constructions, one constitutional and the other unconsitutional, the interpretation favoring its constitutionality will be adopted. *Hogan* v. *Bleeker,* 29 Ill.2d 181.

The Director urges that the language of sections 11(d) and 27 of the Act clearly indicate that the legislature intended the Act, including section 16, to be retroactive. Section 11(d) relates to the duty of custodians to report unclaimed property, providing that the initial report required under the Act must be filed no later than May 1, 1962, and must include "all items of property presumed abandoned under the Act as of the preceding June 30 or December 31 as the case may be". (Ill. Rev. Stat. 1967, chap. 141, par. 111d.) Section 27 provides that the Act does not apply to certain types of property "as to which the presumption of abandonment prescribed by this Act occurred prior to August 17, 1946." (Ill. Rev. Stat. 1967, chap. 141, par. 127.) The argument is made that were section 16 to be applied prospectively only, there would be no reason to in-

sert dates in the Act which antedate the effective date of the Act.

We think this argument ignores the purpose of the cited provisions. These sections define what property must be included in initial reports to the Director, but they are not directed to the problem of the bar of the statute of limitations, which is explicitly dealt with in section 16. We agree that the sections themselves are intended to have retroactive operation insofar as they make existing abandoned property subject to the Act. However, since the statute of limitation will not have run prior to the effective date of the Act as against claims on all such properties, it is not necessary to construe section 16 as having retroactive application to give effect to these sections.

Since we find no unequivocal expression of legislative intent in these provisions, or in the Act as a whole, the relevant rules of construction cited herein become dispositive of the question of retroactivity. Apart from the general presumption of prospective application, both the Commissioner's comments to the Uniform Act (Vol. 9A, Uniform Laws Annotated, p. 416) and the committee comments to the Illinois Act (S.H.A., chap. 141, p. 368) point out the constitutional problem involved in a retroactive application of section 16, that is, a retroactive removal of the right to a statutory defense.

While the United States Supreme Court has held that legislation lifting the bar of a statute of limitations so as to restore a remedy lost through mere lapse of time is not a *per se* offense against the fourteenth amendment (*Campbell* v. *Holt,* 115 U.S. 620, 29 L. Ed. 483; *Chase Securities Corp.* v. *Donaldson,* 325 U.S. 304, 89 L. Ed. 1628) it has recognized that an offense would be perpetrated if under existing local law the defense created by the running of the statute of limitations was regarded as a vested right. (*Chase,* 325 U.S. at 311.) It also recognized that such

legislation could be violative of analogous but more restrictive due process guarantees contained in State constitutions. *Chase,* 325 U.S. at 313.

In Illinois, as in the majority of jurisdictions, the right to set up the bar of the statute of limitations, after the statute has run, as a defense to a cause of action, has been held to be a vested right which cannot be taken away by statute, regardless of the nature of the cause of action. (*Board of Education of Normal School District* v. *Blodgett,* 155 Ill. 441, 447; see 133 A.L.R. 384, 11 I.L.P. "Constitutional Law", sec. 205.) In *Blodgett,* the school board sold bonds to various purchasers which were thereafter voided because of misappropriations of the proceeds of the sale. After the statute of limitations had run, an Act was passed extending the purchaser's time to sue on the bonds. The court upheld the board's defense of the statute of limitations, holding that it was a vested right which could not be taken away by subsequent legislation without contravening the State and Federal constitutions.

In view of the holding of *Blodgett,* which has been consistently adhered to, it is our opinion that any retroactive application of section 16 is subject to constitutional infirmity. We are not dissuaded from this judgment by the Director's argument that section 14 of the Act substitutes a new remedy for the right vested by the running of the statute of limitations. Section 14 provides that holders of unclaimed property who deliver it to the State are relieved of all liability to third parties for any claims existing or arising with respect to the property. (Ill. Rev. Stat. 1967, chap. 141, par. 114.) This section is not limited to cases in which the statute of limitations applies and is obviously intended solely to protect the holder of unclaimed funds from paying twice on funds transferred to the State under the Act. Therefore, this section does not bestow a new remedy upon the holder.

Additional impetus for rejecting a retroactive construc-

tion of the Act is furnished by section 29 thereof which declares that "This Act shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." Of the States which have adopted the Uniform Act, California is the only one to consider the question of retroactive application of section 16. In *Douglas Aircraft* v. *Cranston,* 24 Cal. Rptr. 851, 374 P.2d 819, the California Supreme Court expressly held a provision almost identical to section 16 not applicable to claims barred by the statute of limitations prior to the effective date of the Act. This decision in its own right is compelling authority for applying section 16 prospectively and such a holding in the instant case furthers the policy of uniformity of law expressed in the Act.

Due to the constitutional infirmities attendant a retroactive application of section 16, and in the interests of uniformity, we hold that section 16 is intended to apply only to property on which claims thereto have not been barred by the statute of limitations as of the effective date of the Act. Accordingly, the judgments of the circuit court of Sangamon County are affirmed.

*Judgments affirmed.*