(No. 70915.—

MARISU CESENA, Adm'r of the Estate of Timothy J. Golden, Deceased, Appellee, v. DU PAGE COUNTY *et al.* (Jeffrey B. Fawell, Contemnor-Appellant).

*Opinion filed October 17, 1991.—Rehearing
denied December 2, 1991.*

George P. Lynch, of Chicago, and Bruce R. Fawell, of Wheaton, for contemnor-appellant, and Jeffrey B. Fawell, *pro se.*

34

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Thomas A. Demetrio and Robert J. Bingle, of counsel), for appellee.

Thomas P. Sullivan, Kathleen M. Banar and Thomas S. O'Neill, of Jenner & Block, of Chicago, for *amicus curiae* National Association of Criminal Defense Lawyers.

Maurice E. Bone, Dennis A. Rendleman and Mark M. Melnyk, of Springfield, for *amicus curiae* Illinois State Bar Association.

JUSTICE BILANDIC delivered the opinion of the court:

Jeffrey B. Fawell, an attorney licensed to practice law in Illinois, appeals from an order of the circuit court of Du Page County finding him in direct civil contempt of court for refusing to comply with a discovery order. The circuit court imposed a $1,000 fine for each day that Fawell continues in his refusal to comply with the discovery order. The circuit court directed Fawell to answer certain deposition questions. These questions pertained to the contents of an accident report which Fawell unsuccessfully attempted to file with the Du Page County sheriff's department on behalf of one of his clients, John Doe (the identity of this client remains unknown). The questions were asked during Fawell's discovery deposition conducted by counsel for plaintiff, Marisu Cesena, administrator of the estate of Timothy J. Golden, deceased (the estate). Fawell asserted that the questions sought confidential information protected by the attorney-client privilege. The circuit court disagreed and found Fawell in contempt of court. The appellate court, with one justice specially concurring, affirmed the trial court's contempt finding and reduced the fine to $100 per day. The appellate court held that the attorney-client

privilege was waived (201 Ill. App. 3d 96). This court granted Fawell's petition for leave to appeal (134 Ill. 2d R. 315). *Amicus curiae* briefs were filed by the Illinois State Bar Association and the National Association of Criminal Defense Lawyers.

The facts which give rise to Fawell's contempt citation are unusual. At approximately 10:30 p.m., on September 28, 1987, John Doe was driving a vehicle which struck and killed a pedestrian, Timothy Golden. The accident occurred on Interstate 88, in Naperville, Du Page County, Illinois. John Doe failed to stop his vehicle, identify himself or render aid to Golden.

Shortly thereafter, John Doe contacted and met with Fawell regarding this accident. The consultation took place in Fawell's law office at 12:15 a.m., September 29, 1987, which was approximately 1 hour and 45 minutes after the accident had occurred. Fawell advised John Doe that his failure to stop at the scene of the accident was a misdemeanor (hit-and-run statute). (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—401(a), (c).) Fawell further advised John Doe that, pursuant to another statute (the reporting statute), he had less than 1 hour and 15 minutes to file an accident report at the office of the sheriff of Du Page County (Ill. Rev. Stat. 1987, ch. 95½, par. 11—401(b)) or else he would also be subject to felony charges for failure to timely file an accident report (Ill. Rev. Stat. 1987, ch. 95½, par. 11—401(d)). Fawell explained that, if John Doe filed a timely accident report, John Doe would not be subject to felony criminal charges, pursuant to the reporting statute, and the accident report could not be used against John Doe in any misdemeanor prosecution for violating the hit-and-run statute (Ill. Rev. Stat. 1987, ch. 95½, par. 11—401(b)).

Pursuant to this advice, John Doe related the information required by the reporting statute to Fawell, who composed a written accident report containing this infor-

mation. Fawell and John Doe then proceeded directly across the street from Fawell's law office to the sheriff's office, with the intention of filing the accident report and thereby complying with the reporting statute.

Fawell and John Doe arrived at the sheriff's office at approximately 12:50 a.m. Fawell approached the service window, which was similar to a walk-up bank facility window with thick glass and a U-shaped opening under the window. John Doe was standing in the general vicinity of this service window. Fawell attempted to read the contents of the report to Deputy Sheriff Mitchell Paine. However, upon hearing that the accident occurred on the interstate, Deputy Paine motioned for Fawell to stop reading the accident report and told Fawell that the sheriff's department was not the proper place to file the report. Paine erroneously informed Fawell that he must file the report with the State police and that Fawell had up to 48 hours after the accident to do so. Fawell informed Deputy Paine that the reporting statute permitted him to file the accident report at the sheriff's department and that the report must be made within three hours of the accident.

Again, Fawell attempted to read the contents of the report to Deputy Paine, who interrupted Fawell and refused to permit him to orally make the report. Fawell then twice attempted to submit the written document by thrusting it through the U-shaped opening of the window. Each time, Fawell's attempt was thwarted by Paine, who stopped the document by placing his hand in front of it. Frustrated in their attempts to comply with the reporting statute, Fawell and his client left the sheriff's department, taking the written accident report with them.

Upon returning to his law office, Fawell called the State police and informed them, "for humanitarian reasons," of the location and time of the accident, without

conveying the name of his client. Thereafter, Fawell received three telephone calls, one from an Illinois State police officer, and two from Du Page County assistant State's Attorneys, requesting the identity of his client. On each occasion, Fawell refused to identify his client, maintaining that he had made a timely accident report as required by the reporting statute.

The State's Attorney of Du Page County then commenced a grand jury investigation relating to the accident. A grand jury subpoena *duces tecum* was issued and served upon Fawell, commanding him to give testimony as to the accident and the identity of his client. The subpoena further requested Fawell to submit the written accident report prepared by him on September 29, 1987, for examination by the grand jury. Fawell filed a motion to quash the subpoena, asserting that the communications were protected by the attorney-client privilege. On October 28, 1987, after holding an evidentiary hearing, the circuit court of Du Page County granted Fawell's motion to quash the subpoena *duces tecum*.

On September 28, 1988, plaintiff, as administrator of the estate of Timothy Golden, filed the instant civil action against defendants, Du Page County, the sheriff of Du Page County and Deputy Mitchell Paine. Plaintiff's complaint essentially alleges that defendants' refusal to accept John Doe's accident report constituted wilful and wanton conduct. The estate alleged that defendants' conduct rendered the estate unable to exercise its legal rights against John Doe because the estate was unable to determine John Doe's identity.

In connection with this civil litigation, on March 10, 1989, plaintiff's counsel conducted the discovery deposition of Fawell. At his deposition, Fawell stated that he still possessed the accident report which he prepared on September 29, 1987. Fawell refused to answer certain

deposition questions pertaining to the contents of the accident report, asserting the attorney-client privilege.

Plaintiff filed a motion to compel Fawell to answer the deposition questions directed to the contents of the accident report. On August 28, 1989, the circuit court granted plaintiff's motion and ordered Fawell to answer the deposition questions. Fawell refused and, on August 29, 1989, the trial judge issued the contempt citation and fine at issue in the instant action. The appellate court affirmed the contempt finding and reduced the fine. Fawell now appeals to this court. The parties before this court are the estate and Fawell, who asserts the attorney-client privilege on behalf of John Doe.

The parties devote their arguments to the attorney-client privilege. However, we find that the equities of this case demand resolution on equitable grounds. Therefore, we invoke our equitable jurisdiction and deem the accident report filed as of the date and time that Fawell attempted to file the report with Deputy Paine.

This court has long held that equity has jurisdiction to correct the mistake of a county ministerial officer. (*Foster v. Clark* (1875), 79 Ill. 225; *Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 407.) We are guided by the equitable maxim that equity considers that as done which ought to be done. *Ward v. Sampson* (1946), 395 Ill. 353, 366-67.

A prayer for general relief is an appeal to this court to evaluate the allegations and proof and to grant such relief as the equities of the case require. Courts of equity are not bound by formulas or restrained by any limitation that tends to trammel the free and just exercise of discretion. (*County of Du Page v. Henderson* (1949), 402 Ill. 179, 191-92.) This court has the power to enter such final judgment as the evidence in the record shows should have been entered. (*City of Aurora v. YMCA* (1956), 9 Ill. 2d 286, 295.) This court is statutorily autho-

rized to shape its remedy to meet the demands of justice in every case, however peculiar. (*Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 90-91; see also *Pope v. Speiser* (1955), 7 Ill. 2d 231; Ill. Rev. Stat. 1987, ch. 110, par. 2—604; 134 Ill. 2d R. 366.) Moreover, it is axiomatic that where equity has assumed jurisdiction for the purpose of granting equitable relief the court may determine all the issues of the case. *McLeod v. Lambdin* (1961), 22 Ill. 2d 232, 236.

This appeal involves a statutory scheme, contained in the Illinois Vehicle Code, designed to discourage hit-and-run accidents like the one that occurred in the instant action. (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—401, 11—403.) Section 11—401(a), the hit-and-run statute, requires the driver of a vehicle involved in an accident resulting in injury or death to stop and remain at the scene until he has given his name and address, registration number, exhibited his driver's license if requested, and rendered reasonable assistance to any person injured in the accident. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—401(a).) Failure to comply with the hit-and-run statute is a Class A misdemeanor. Ill. Rev. Stat. 1989, ch. 95½, par. 11—401(c).

However, the legislature has provided the hit-and-run driver a "second chance" to rectify his criminal conduct of leaving the scene of an accident. Section 11—401(b), the reporting statute, provides:

"Any person who has failed to stop or to comply with [the hit-and-run statute] shall, *within 3 hours after such motor vehicle accident,* *** report the place of the accident, the date, the approximate time, the driver's name and address, the registration number of the vehicle driven, and the names of all other occupants of such vehicle, at a police station *or sheriff's office* near the place where such accident occurred. No report made as required under this paragraph shall be used, directly or indirectly, as a basis for the prosecution of any violation of

[the hit-and-run statute]." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—401(b).)

Any person failing to comply with the reporting statute shall be guilty of a Class 4 felony. Ill. Rev. Stat. 1989, ch. 95½, par. 11—401(d).

Pursuant to the reporting statute, the legislature has provided the driver who violates the hit-and-run statute with a three-hour grace period during which he may make an accident report and thereby avoid felony prosecution pursuant to the reporting statute. Moreover, if the driver chooses to file an accident report within the three-hour time limit, the contents of the accident report may not be used against the driver in a misdemeanor prosecution for violating the hit-and-run statute. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—401(b).) In the instant action, John Doe properly attempted to file an accident report within three hours of the accident. However, Deputy Paine erroneously thwarted John Doe's attempt to gain compliance with the reporting statute when he refused to accept the accident report tendered by Fawell.

This court had occasion to address these two statutes in *People v. Young* (1982), 92 Ill. 2d 236. In *Young*, defendant left the scene of an accident and was charged with violating the hit-and-run statute. The police subsequently contacted defendant and asked defendant to come to the police station for questioning. Defendant appeared at the police station, was Mirandized, and made certain oral statements regarding the accident in response to police questioning. This court construed the reporting statute broadly and found that the oral statements made by defendant constituted the accident report required by the reporting statute. As such, we held that these statements could not be used against defendant in the misdemeanor prosecution for violating the hit-and-run statute. This court reasoned:

"The [reporting] statute's purpose is to inform those who have been injured or damaged by a hit-and-run driver of the driver's identity. This is accomplished by encouraging such drivers to take advantage of a second chance to come forward and reveal their identity. Those who do come forward will not be prosecuted for a felony, and their statements will not be used against them if they are prosecuted for the misdemeanor of leaving an accident scene." *Young,* 92 Ill. 2d at 240.

In the instant action, John Doe, unlike defendant in *Young, voluntarily* came forward and attempted to take advantage of the second chance afforded by the reporting statute. Fawell, on John Doe's behalf, made a *written* accident report containing the information required by the reporting statute. In compliance with the statute, Fawell and John Doe sought to file this accident report at the sheriff's department within three hours of the accident. Had Deputy Paine not erred, John Doe would have successfully filed his accident report and complied with the reporting statute. Moreover, the information contained within the accident report would not be available for use in any future misdemeanor prosecution for violating the hit-and-run statute. This is the result intended by the legislature. Instead, the actions of Deputy Paine discourage drivers like John Doe from taking advantage of the second chance afforded by the legislature pursuant to the reporting statute.

In the instant case, the appellate court held that, by preparing a written accident report and attempting to comply with the reporting statute, John Doe waived the attorney-client privilege. As a result, the appellate court ordered Fawell to comply with the circuit court's discovery order and answer questions which would disclose the contents of the written accident report. Because of a ministerial error on the part of Deputy Paine, John Doe is now placed in an impossible situation. John Doe,

through his attorney, must reveal the information normally required by the reporting statute; yet he would still be subject to felony prosecution for failing to timely comply with this statute. Moreover, the contents of this report could be used against John Doe in a misdemeanor prosecution for violating the hit-and-run statute. As a result of the appellate court's holding, the estate would receive the information contained in the accident report, and John Doe would not receive any of the statutory benefits provided by the legislature to a driver who complies with the reporting statute. This result is patently unjust.

On the other hand, it is reasonable to assume that the estate has exhausted all other reasonable means of discovering John Doe's identity. Consequently, the estate's inability to discover the contents of the written accident report through Fawell renders the estate unable to exercise its legal right to maintain a civil action against John Doe. John Doe struck and killed Timothy Golden. In violation of the law, John Doe left the scene of the accident. John Doe then attempted to file a written accident report, through which the estate would have been able to discover John Doe's identity. However, as a result of Deputy Paine's ministerial error, the estate is and will remain unable to discover John Doe's identity and exercise its legal rights against him. This result, too, would be patently unjust.

For these reasons, this court invokes its equitable jurisdiction. We find that the equities of this case require this court to correct the ministerial error of Deputy Paine. Therefore, we deem the accident report timely filed as of 12:50 a.m., September 29, 1987, and order Fawell to submit this report to the circuit court. We hold that John Doe has timely complied with the reporting statute. This result places both the estate and John Doe in the positions they would have been had Deputy Paine

not erroneously refused to accept the accident report. Moreover, this result furthers the intent of the legislature by encouraging drivers like John Doe to come forward and take advantage of the second chance afforded by the reporting statute, safe in the knowledge that they will be awarded the statutory benefits afforded by that statute.

The instant action involves an issue of first impression. Upon invoking our equitable jurisdiction, this court is charged with doing full and complete justice among all parties. (*Alter v. Moellenkamp* (1961), 23 Ill. 2d 506, 511.) Therefore, we set aside the circuit court's order finding Fawell in contempt of court and imposing a fine. See *Consolidation Coal Co. v. Bucyrus-Erie Co.* (1982), 89 Ill. 2d 103; *Sarver v. Barrett Ace Hardware, Inc.* (1976), 63 Ill. 2d 454.

For the foregoing reasons, we reverse the judgments of the circuit and appellate courts. This cause is remanded to the circuit court with directions that it order Fawell to submit to the court the accident report.

*Judgments reversed;*
*cause remanded with directions.*