ELMER SEPMEYER, Special Adm'r for the Estate of Esther Sepmeyer, Plaintiff-Appellant, v. RICHARD L. HOLMAN *et al.*, Defendants-Appellees.

Fifth District   No. 5—91—0832

Opinion filed July 2, 1993.

Don W. Weber, of Collinsville, for appellant.

Norman M. Hirsch and Patricia A. Bronte, both of Jenner & Block, of Chicago, for appellee Richard L. Holman.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for other appellees.

· JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Elmer Sepmeyer, administrator of the estate of Esther Sepmeyer, seeks review of the trial court's order denying his motion to reconsider and/or amend complaint. The relevant facts are as follows: Defendant Richard L. Holman and Girvies Davis were convicted

of the July 13, 1979, murder of Esther Sepmeyer, plaintiff's mother. More specifically, Holman was convicted of murder and felony murder based upon burglary, a Class 2 felony. Holman was sentenced to life imprisonment. On August 17, 1986, Holman was assaulted while incarcerated in the Illinois Department of Corrections. As a result of this assault, Holman sued several employees of the Illinois Department of Corrections. The State of Illinois agreed to pay Holman $15,000 plus interest in order to settle this litigation.

On January 14, 1991, the plaintiff filed a complaint seeking in excess of $15,000 compensatory damages and $1 million punitive damages. Count I of the plaintiff's complaint alleged wrongful death. Count II of the complaint alleged that Holman's conduct on July 13, 1979, constituted armed robbery. The trial court dismissed plaintiff's complaint with prejudice. The court ruled that the statute of limitations on count I had expired prior to the enactment of section 13—202.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.1). The court determined that section 13—202.1 could not be applied retroactively to a time-barred action. Additionally, the court noted that section 13—202.1 is inapplicable to count II. On March 1, 1991, the plaintiff filed a motion to reconsider and/or amend complaint alleging an additional count, conversion of property based upon residential burglary. The trial court denied plaintiff's motion in an order dated October 29, 1991. On November 22, 1991, the plaintiff filed a notice of appeal from this order.

■ At the time the trial court dismissed the case, section 13—202.1 stated, in pertinent part:

"(a) Notwithstanding any other provision of law, any action for damages against a person, however the action may be designated, may be brought at any time if—

(1) the action is based upon conduct of a person which constituted the commission of first degree murder, a Class X felony, or a Class 1 felony as these terms are utilized at the time of filing of the action; and

(2) the person was convicted of the first degree murder, Class X felony, or Class 1 felony." Ill. Rev. Stat. 1987, ch. 110, par. 13—202.1(a).

Section 13—202.1 became effective on January 5, 1984. Plaintiff argues that section 13—202.1 applies to this case and allows him to bring this civil cause of action against defendant even though the conduct upon which he bases his claim occurred over 11½ years before he filed the instant cause of action. Plaintiff contends that this statute revives his cause of action against defendant on the wrongful death

count even though the statute of limitations for the wrongful death action expired in 1981. (See Ill. Rev. Stat. 1979, ch. 70, par. 2 (two-year statute of limitations on wrongful death claims).) Additionally, plaintiff claims that section 13—202.1 revives his causes of action against defendant on the armed robbery and conversion based upon residential burglary counts even though the statute of limitations for those crimes would have expired in 1984. See Ill. Rev. Stat. 1983, ch. 110, par. 13—205 (five-year statute of limitations on conversion claims).

Defendant claims that section 13—202.1 cannot retroactively revive plaintiff's cause of action after it has lapsed. The defendant contends that the language and history of section 13—202.1 refute plaintiff's claim that the statute should be applied retroactively to a time-barred action. Further, defendant argues that section 13—202.1 does not apply to the counts of armed robbery or residential burglary because Holman was never convicted of either of these Class 1 felonies.

■ In 1895, the Illinois Supreme Court decided that a completed bar of the statute of limitations is a vested right. (*Board of Education v. Blodgett* (1895), 155 Ill. 441, 446, 40 N.E. 1025, 1026) (amendment extending time to file an action held inapplicable to actions barred by running of previous statute of limitations).) In *Blodgett*, the Illinois Supreme Court stated that "the right to set up the bar of a statute of limitations as a defense to a cause of action, after the statute has run, is a vested right, and cannot be taken away by legislation, either by a repeal of the statute without saving clause or by an affirmative act, and that it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand or for the recovery of damages for a tort." *Blodgett*, 155 Ill. at 447, 40 N.E. at 1027.

In *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 163, 380 N.E.2d 782, 783, the Illinois Supreme Court reiterated the aforementioned principle and stated that a subsequent statutory amendment extending the time for filing a cause of action will not be applied retroactively to revive a cause of action which had been previously barred. (See also *Beck v. Yatvin* (1992), 235 Ill. App. 3d 1085, 1090, 603 N.E.2d 558, 561.) The *Arnold* court made a distinction between cases in which the statute of limitations had not expired prior to the date of the amendment extending the statute of limitations and cases in which the statute of limitations had expired prior to the amendment. (*Arnold*, 72 Ill. 2d at 164, 380 N.E.2d at 784.) The *Arnold* court made it clear that if a statute of limitations period has

not expired prior to the amendment, the amendatory act controls all actions not previously barred. (*Arnold*, 72 Ill. 2d at 165, 380 N.E.2d at 784.) Further, the court noted that, in the converse situation, where the claimant's time for filing a claim had lapsed prior to the enactment of the amendment extending the statute of limitations, these causes of action were barred by the previous statute of limitations. *Arnold*, 72 Ill. 2d at 164, 380 N.E.2d at 784.

■■ Plaintiff also claims that section 13—202.1 revives his actions which are based upon armed robbery and residential burglary, both of which are Class 1 felonies. A review of this section demonstrates that it does not apply to either of these claims. Section 13—202.1 clearly states that the action must be based upon conduct constituting the commission of first-degree murder, a Class X felony, or a Class 1 felony and that the person must actually be convicted of one of these crimes. (See Ill. Rev. Stat. 1987, ch. 110, par. 13—202.1(a).) The defendant was not convicted of armed robbery or residential burglary. Although it is possible that the defendant could have been convicted of one of these crimes, he was not. Hence, section 13—202.1 does not apply to either of the aforementioned claims.

If section 13—202.1 had remained in the form cited previously, we would be compelled to hold that this action was time-barred and properly dismissed. However, section 13—202.1 was amended by the legislature with an effective date in August 1992. At present, this section states in pertinent part:

"(a) Notwithstanding any other provision of law, any action for damages against a person, however the action may be designated, may be brought at any time if—

(1) the action is based upon conduct of a person which constituted the commission of first degree murder, a Class X felony, or a Class 1 felony as these terms are utilized at the time of filing of the action; and

(2) the person was convicted of the first degree murder, Class X felony, or Class 1 felony.

(b) The provisions of this Section are fully applicable to convictions based upon defendant's accountability under Section 5—2 of the Criminal Code of 1961, approved July 28, 1961, as amended.

(c) Paragraphs (a) and (b) above shall apply to any cause of action regardless of the date on which the defendant's conduct is alleged to have occurred or of the date of any conviction resulting therefrom. In addition, this Section shall be applied retroactively and shall revive causes of actions which otherwise

may have been barred under limitations provisions in effect prior to the enactment and/or effect of P.A. 84—1450." 735 ILCS 5/13—202.1(a) through (c) (West 1992) (as amended by Pub. Act 87—941, §1 eff. Aug. 28, 1992).

As is apparent, the legislature has expressly provided that this statute should apply *retroactively* and *revive* any time-barred actions. We have been unable to find any other instance where our legislature has expressly stated that it was reviving a cause of action that had been previously barred by a statute of limitations. Because of this express revival, *Blodgett* and its progeny are of little help. Our supreme court has left open the question of whether the legislature may constitutionally revive a time-barred cause of action through a clear statement of intention to do so. (*Arnold*, 72 Ill. 2d at 167-68, 380 N.E.2d at 785; *People v. Lansing* (1966), 35 Ill. 2d 247, 250, 220 N.E.2d 218, 220.) There is, however, a presumption of constitutionality to the acts of our legislature. *People v. Mondhink* (1990), 194 Ill. App. 3d 806, 811, 551 N.E.2d 755, 759.

In considering this matter, we are mindful of the subject matter of the revived causes of action: murders and serious felonies. It is clear that the legislature was not reviving a garden-variety tort action. The actions revived typically result in lengthy prison terms, and in fact, in this case the defendant is still in the penitentiary and will be for the rest of his life.

■ The legislature has spoken. It expressly revived the plaintiff's cause of action. The statute is presumed constitutional. Our supreme court has never spoken on whether an express revival by the legislature is constitutional. The United States Supreme Court has spoken, however, and declared such an act to be constitutional. (*Chase Securities Corp. v. Donaldson* (1945), 325 U.S. 304, 89 L. Ed. 1628, 65 S. Ct. 1137.) We agree. The 1992 amendments to section 13—202.1 effectively revive the cause of action pleaded in count I alleging wrongful death. Count II is unaffected by this amendment. The defendant was never *convicted* of the offenses alleged in count II; therefore, this count was properly dismissed.

Accordingly, we reverse the trial court's dismissal of count I, the wrongful death count, but affirm the dismissal as to count II and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part, and remanded.

GOLDENHERSH and LEWIS, JJ., concur.