ELMER SEPMEYER, Special Adm'r for the Estate of
Ester Sepmeyer, Appellee, v. RICHARD HOL-
MAN *et al.* (Richard Holman, Appellant; Illinois
Department of Corrections, Appellee).

*Opinion filed October 27, 1994.*

BILANDIC, C.J., and MILLER, J., dissenting.

Norman M. Hirsch, Patricia A. Bronte, Christine A.
Sgarlata and Laura A. Kaster, of Jenner & Block, of
Chicago, for appellant.

William C. Evers III and Don W. Weber, of Collins-
ville, for appellee Elmer Sepmeyer.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Department of Corrections.

JUSTICE NICKELS delivered the opinion of the court:

The issue in this appeal is whether the legislature may revive a time-barred tort claim brought by a crime victim against the victim's offender based on conduct for which the offender was convicted. Plaintiff in the tort action is Elmer Sepmeyer, as special administrator for the estate of Esther Sepmeyer. The primary defendant is Richard Holman, who was convicted of murdering Esther Sepmeyer. Also named as defendants are the Illinois Department of Corrections, Comptroller and Central Management Services. These secondary defendants were named by plaintiff because they control the distribution of settlement monies owing to Holman from an unrelated civil suit. Plaintiff seeks these monies from Holman in the instant case.

Plaintiff filed a two-count civil complaint against Holman in the circuit court of Madison County. The circuit court dismissed the complaint because the statute of limitations had expired on both claims. The appellate court reversed, relying on a subsequent legislative amendment to the statute of limitations explicitly reviving time-barred claims against those convicted of murder or other serious felonies. (246 Ill. App. 3d 255 (relying on 735 ILCS 5/13—202.1(c) (West 1992)).) We granted Holman's petition for leave to appeal under Rule 315(a) (134 Ill. 2d R. 315(a)). We find the plaintiff's claim time-barred and therefore reverse the appellate court.

Holman makes three arguments in support of reversing the appellate court and finding the legislative revival of plaintiff's time-barred tort claim unconstitu-

tional. First, Holman claims that the legislature violated his right to due process under both the State and Federal Constitutions by reviving a time-barred claim. (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 2.) Second, Holman argues that the legislature violated the separation of powers provision of the Illinois Constitution (Ill. Const. 1970, art. II, § 1) by passing an amendment to the Code of Civil Procedure designed to "reverse" a judgment of the circuit court. Third, Holman argues that the statute violates his right to equal protection (U.S. Const., amend. XIV) because it provides for the Department of Corrections to notify a crime victim when his or her offender obtains a judgment in the offender's favor against the Department of Corrections, but not where the offender comes into money in any other way. As we find the defendant's due process argument dispositive, we do not reach defendant's second or third arguments.

On July 13, 1979, Esther Sepmeyer was murdered in her rural Madison County farmhouse. Holman was convicted of the murder and his conviction was affirmed on appeal. (*People v. Holman* (1983), 115 Ill. App. 3d 60.) At the time, no civil action was filed against Holman, presumably because he lacked any assets from which a judgment could be satisfied. On August 17, 1986, Holman was stabbed and beaten while in prison. Based on this event, Holman filed a civil rights suit against the Department of Corrections in Federal court. On July 2, 1990, the suit was settled before trial with the State's agreeing to pay defendant $15,000 plus interest.

The Department of Corrections notified plaintiff of the settlement agreement with Holman pursuant to section 13—202.1(d) of the Code of Civil Procedure (735 ILCS 5/13—202.1(d) (West 1992)). This notice provision is part of a statutory scheme designed to assist crime victims in recovering compensation from their offender.

In addition to the notice provision, the statute provides that any action for damages based on conduct that constitutes first degree murder, a Class X felony, or a Class 1 felony may be brought without regard to the statute of limitations. (735 ILCS 5/13—202.1 (West 1992).) The statute became effective January 4, 1984. As originally written, the statute did not state whether the legislature intended it be retroactively applied to revive claims for which the statute of limitations had already expired.

After receiving this notice concerning the settlement in Holman's favor, plaintiff filed a civil suit against Holman. This suit was filed on January 14, 1991, eleven years after the murder of Esther Sepmeyer. Count I of plaintiff's complaint alleged a wrongful death action against Holman based on the murder of Esther Sepmeyer. Count II framed a vague cause of action seeking recovery in tort based on an alleged armed robbery.

The trial court determined that the two-year statute of limitations applicable to plaintiff's wrongful death claim in count I had expired prior to the enactment of section 13—202.1, which eliminates the statute of limitations defense in such cases. The trial court further determined that the legislature did not intend that the courts apply section 13—202.1 retroactively to revive time-barred claims. Therefore, the trial court dismissed count I. The trial court also found that section 13—202.1 did not apply to count II because Holman had not been convicted of armed robbery.

Plaintiff appealed from the dismissal of the complaint. During the pendency of the appeal, the legislature amended section 13—202.1 to include language expressly reviving time-barred claims against those convicted of murder or serious felonies. The amendment states that "this Section shall be applied retroactively and shall revive causes of actions which otherwise may have been barred under limitations provisions in effect

prior to the enactment and/or effect of [the act]." (735 ILCS 13—202.1(c) (West 1992).) A letter sent by the deputy chief legal counsel of the Department of Corrections to the Department's chief of intergovernmental relations entered into the record on appeal states that this amendment came in direct response to an unnamed case where a court dismissed a crime victim's complaint as time-barred.

The appellate court noted that the trial court was correct when it ruled that the plaintiff's complaint was time-barred. (246 Ill. App. 3d at 259.) However, the appellate court ruled that the subsequent amendment effectively revived plaintiff's cause of action for wrongful death. (246 Ill. App. 3d at 260.) The appellate court ruled that the second count involving armed robbery was properly dismissed, as the statute requires a conviction for the conduct that serves as the basis for liability, and Holman was not convicted of armed robbery. 246 Ill. App. 3d at 260.

The appellate court declined to follow this court's established line of cases that have found a defense based on the expiration of the statute of limitation to be a "vested right" protected by the Illinois Constitution and beyond legislative interference. (See, *e.g.*, *Board of Education of Normal School District v. Blodgett* (1895), 155 Ill. 441, 447; *Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423, 428; *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83; *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 41-42; *Connor v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 388.) The appellate court determined that this well-developed line of cases did not apply because they did not involve an express revival of a time-barred claim by the legislature. (246 Ill. App. 3d at 260.) According to the appellate court, the question of whether the legislature may constitutionally revive a time-barred claim was left open by the court's decisions in *Arnold Engineer-*

*ing, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, and *People v. Lansing* (1966), 35 Ill. 2d 247.

The appellate court erred when it determined that this court's precedent leaves open the question of whether the legislature may expressly revive a time-barred cause of action. In both *Arnold Engineering* and *Lansing*, the court cited the general rule that the legislature may not constitutionally revive a time-barred claim. (*Arnold Engineering, Inc.*, 72 Ill. 2d at 167; *Lansing*, 35 Ill. 2d at 250.) However, as part of the general rule that a reviewing court should avoid constitutional rulings, those cases did not reach the constitutional issue and instead found, on statutory construction grounds, that the statutes at issue were not intended to revive time-barred claims. *Arnold Engineering, Inc.*, 72 Ill. 2d at 167-68; *Lansing*, 35 Ill. 2d at 250.

Our cases have been uniform in holding that the legislature lacks the power to reach back and breathe life into a time-barred claim. This line of cases began 100 years ago with *Board of Education of Normal School District v. Blodgett* (1895), 155 Ill. 441. In *Blodgett*, this court held:

> "[T]he right to set up the bar of a statute of limitations as a defense to a cause of action, after the statute has run, is a vested right, *and cannot be taken away by legislation*, either by a repeal of the statute without saving clause or by an affirmative act, and that it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the recovery of damages for a tort." (Emphasis added.) (*Blodgett*, 155 Ill. at 447.)

(See also *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 40-41 (citing *Blodgett* and holding that a statute "violates the defendant's due process rights by attempting to revive a previously barred cause of action"); *Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423, 428 ("In Illinois, as in the majority of jurisdictions, the right to set up the bar of the statute of limita-

tions, after the statute has run, as a defense to a cause of action, has been held to be a vested right which cannot be taken away by statute, regardless of the nature of the cause of action").) We find the issue well settled that the expiration of the statute of limitations creates a vested right beyond legislative interference.

Plaintiff argues that the retroactive application of the statute does not offend our constitutional protections because the claims are revived only against those convicted of serious crimes. Plaintiff notes that upon conviction, a person forfeits many rights. For example, fundamental rights such as the right to vote (10 ILCS 5/3—5 (West 1992)) and the right to free exercise of religion may be abridged (*Madyun v. Franzen* (7th Cir. 1983), 704 F.2d 954, 959). According to plaintiff, if these fundamental constitutional rights may be abridged, then there is no infirmity in restricting a criminal defendant's right to assert a defense based on the statute of limitations.

We do not agree that Holman's status as a convicted murderer enlarges legislative power to reach back and realign parties in a tort case extinguished by the passage of time. In *Blodgett*, this court expressly rejected the Federal view that the statute of limitations is a mere procedural bar to actions. (*Blodgett*, 155 Ill. 441 (rejecting Supreme Court's decision in *Campbell v. Holt* (1885), 115 U.S. 620, 29 L. Ed. 483, 6 S. Ct. 209).) Instead, this court declared that "[t]he immunity from suit which arises by operation of the Statute of Limitations is as valuable a right as the right to bring the suit itself." (*Blodgett*, 155 Ill. at 449.) Furthermore, this court stated that the right to assert such a defense "is as much to be protected as any other right that a man has." (*Blodgett*, 155 Ill. at 450.) Thus, our jurisprudence has given the statute of limitations defense in civil cases the same substantive nature it is accorded in criminal cases.

Given this characterization, we do not agree that Holman's status as a convicted murderer enlarges the legislative power to suspend the due process protection afforded a vested defense in a civil tort case.

Last, plaintiff argues that the policy of limiting the period of time in which to bring an action in order to prevent stale claims is not served in the present case. Plaintiff argues that because the civil action must be based on conduct for which there is already a criminal conviction, there is no prejudice to defendant in being required to defend against a stale claim. However, the statute of limitations defense does not exist solely to prevent stale claims. The rules limiting actions also serve the orderly administration of justice by promoting the interests of predictability and finality. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 88.) More importantly, beyond the interest of preventing stale claims, our jurisprudence recognizes that statutes limiting the time to bring an action create vested rights enjoying constitutional protection from legislative interference.

Our decision produces a harsh result in that it extinguishes liability where such should plainly lie. That is, however, the nature of statutes of limitations. The statutes are inherently arbitrary in their operation in that they attach a complete bar to recovery of a valid claim or the imposition of criminal liability based on no more than the passage of time. While we express sympathy for plaintiff in this case, our duty is to adhere to our clearly established precedent. Our precedent has declared a vested defense based on the expiration of the statute of limitations to be protected by our due process clause and beyond legislative interference. We therefore hold that both counts in plaintiff's complaint are time-barred.

For the reasons stated, the judgment of the appellate

court is affirmed in part and reversed in part, and the judgment of the circuit court is affirmed.

> *Appellate court affirmed in part*
> *and reversed in part;*
> *circuit court affirmed.*

CHIEF JUSTICE BILANDIC, dissenting:

The majority blindly assumes that the statute of limitations applicable to the plaintiff's wrongful death claim expired on July 13, 1981, two years after the murder of the plaintiff's mother. I object to this assumption. The equities of this case clearly demand that we toll the two-year limitations period that might otherwise apply to the plaintiff's claim. I would hold, pursuant to this court's equitable powers, that the limitations period applicable to the plaintiff's cause of action was tolled between 1981 and 1984, when the legislature enacted section 13—202.1 (Ill. Rev. Stat. 1985, ch. 110, par. 13—202.1) to eliminate the statute of limitations applicable to causes of action, such as this, which are based on the commission and conviction of heinous crimes.

It is beyond question that this court has the power to grant any such relief as the equities of the case require. (*Shrock v. Shoemaker* (1994), 159 Ill. 2d 533.) We are not bound by formulas or restrained by limitations that inhibit the free and just exercise of our discretion. (*Cesena v. Du Page County* (1991), 145 Ill. 2d 32; see also Ill. Rev. Stat. 1991, ch. 110, par. 2—604; 134 Ill. 2d R. 366.) In the past, this court has not hesitated to invoke its equitable powers to shape a remedy to meet the demands of justice in a particular case. *Cesena v. Du Page County* (1991), 145 Ill. 2d 32; *Schrock v. Shoemaker* (1994), 159 Ill. 2d 533.

In *Cesena*, this court invoked its equitable jurisdiction so that the estate of a man who was struck and killed by a hit-and-run driver could discover the identity of that driver and exercise its legal rights against him.

The driver's identity was not otherwise discoverable because a deputy sheriff had wrongfully refused to accept the driver's accident report, even though it was submitted to the sheriff's office within three hours of the accident as provided for by statute (Ill. Rev. Stat. 1987, ch. 95$^1$/$_2$, par. 11—401(b)). Confronted with the obvious inequities of the case, this court invoked its equitable jurisdiction, deemed the accident report timely filed, and allowed the estate to discover the driver's identity. *Cesena*, 145 Ill. 2d at 41-43.

More recently, this court invoked its equitable jurisdiction to require joinder of separate claims and to toll the running of the statute of limitations under the Wrongful Death Act. (*Schrock v. Shoemaker* (1994), 159 Ill. 2d at 548.) In *Schrock*, the plaintiff brought a cause of action against the defendant under the Structural Work Act for the loss of consortium she suffered when her spouse was killed in a work-related accident. Although the plaintiff had received workers' compensation benefits from the decedent's employer, that employer had no right to impress a lien to recover those benefits from any award the plaintiff obtained from the defendant. This court found that, to avoid the potential for double recovery and to protect the employer from excessive liability, the plaintiff should be required to join her loss of consortium claim under the Structural Work Act with a claim under the Wrongful Death Act for the decedent's injuries. In *Schrock*, however, the two-year limitations period for bringing a wrongful death action had already expired at the time the court rendered its decision. Therefore, if joinder was required, the plaintiff would have been deprived of any relief. To avoid such an obvious inequity, this court invoked its equitable powers and tolled the statute of limitations under the Wrongful Death Act, so that all of the controversies between the parties to the appeal could be

resolved in an equitable manner. *Schrock*, 159 Ill. 2d at 548.

This court should likewise invoke its equitable jurisdiction here to hold that the two-year limitations period for filing a claim under the Wrongful Death Act was tolled in this case from 1981 until 1984 when the legislature enacted section 13—202.1 (Ill. Rev. Stat. 1985, ch. 110, par. 13—202.1). The balance of equities clearly favors a decision to toll the limitations period. It is patently unjust to require the family of a murder victim to assume the onerous burdens attendant to preserving a cause of action against an indigent assailant. Before the legislature remedied the inequity in 1984, a victim's family or estate would have been obligated to bring a civil action against an indigent and incarcerated defendant to ensure that they were not deprived of their claims against such an assailant. The family would have had to assume the legal expense of obtaining and sustaining the validity of a judgment so that they were not left without a remedy in the unlikely event that the indigent defendant acquired funds to satisfy such a judgment. Imposing such an onerous burden on crime victims and their families was patently unjust. In 1984, the legislature acknowledged and remedied this injustice by enacting a statute to extend the limitations period indefinitely in such cases. Ill. Rev. Stat. 1985, ch. 110, par. 13—202.1.

In my view it is unfair and unnecessary to hold that the limitations period applicable to the plaintiff's wrongful death claim expired in 1981. The majority acknowledges the injustice of its decision, but claims that it is without the power to remedy the inequity. I strongly disagree. This court has recently invoked its equitable powers to toll the limitations period applicable to a wrongful death claim. (*Schrock*, 159 Ill. 2d 533.) I find no logical reason why we cannot invoke those same

powers in this case. I would hold, pursuant to our equitable powers, as exercised in *Cesena* and *Schrock*, that the statute of limitations for bringing a wrongful death action was tolled in this case from 1981 until 1984, when the legislature enacted section 13—202.1. Because I would hold that the limitations period was tolled between 1981 and 1984, I would not reach the question discussed in the majority opinion, namely, whether section 13—202.1 of the Code of Civil Procedure may be applied retroactively to the plaintiff's claim.

JUSTICE MILLER, also dissenting:

I do not agree with the court that the legislature lacked the authority to revive the plaintiff's cause of action. The majority's result in this case rests on a fundamental misapprehension of the nature of limitations provisions, and grants the defendant an unwarranted windfall while requiring the surviving family members of a victim of the defendant's crimes to go uncompensated.

In *Board of Education of Normal School District v. Blodgett* (1895), 155 Ill. 441, this court declined to follow the contrary authority of *Campbell v. Holt* (1885), 115 U.S. 620, 29 L. Ed. 483, and held, on State constitutional grounds, that a cause of action may not later be revived once it has been barred by a statute of limitations. The *Blodgett* court believed that the bar created by the running of a limitations period was a vested right, which, once established, could not later be removed. (*Blodgett*, 155 Ill. at 447.) The majority relies on *Blodgett*, concluding that the plaintiff's action, having already been barred, cannot now be revived by legislative action. I believe that the time is ripe to reexamine *Blodgett*, and I would reconsider in this case our adherence to that rule.

As a preliminary matter, I note that two of our recent cases have suggested that the doctrine announced

in *Blodgett* is a matter of statutory interpretation, not constitutional proscription. Thus, in *People v. Lansing* (1966), 35 Ill. 2d 247, 250, in declining to give retroactive effect to a statute extending the time for bringing an action, the court stated, "We find nothing in the language of the amendment indicating an intent on the part of the legislature to revive an action which had been previously barred \*\*\*." Similarly, in *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 167, the court said, "Assuming, but not deciding, that the legislature can, in certain cases, constitutionally revive previously barred statutorily created remedies, such revival should not result unless the legislature expressly indicates that intention."

Although our recent decisions on this issue are not uniform, *Lansing* and *Arnold Engineering* may be seen as recasting the rule in *Blodgett* from a constitutional proscription to a principle of statutory construction. Indeed, the statements quoted above are without meaning unless the court believed that it was leaving open the question whether legislation expressly declaring an intent to revive a previously barred claim would be enforceable and would not violate the Illinois Constitution.

The majority dismisses those portions of *Lansing* and *Arnold Engineering*, insisting that the cases simply reflect the familiar rule that a court will not decide constitutional questions unnecessarily. (See, *e.g., In re Estate of Longeway* (1989), 133 Ill. 2d 33, 44.) Analyzing the decisions in those terms, however, undermines the majority's assertion that our case law on this subject is "established," "well developed," "uniform," and "well settled," as the majority opinion maintains elsewhere. (162 Ill. 2d at 253, 254, 255.) If the constitutional proscription against the revival of time-barred actions was already well established when *Lansing* and *Arnold Engineering* were decided, then one must wonder at the court's reluctance to invoke the doctrine in those cases.

It is apparent that the legislature has accepted our invitation and has specifically chosen to make this measure applicable retroactively, eliminating the bar of the statute of limitations as a defense to the present action. The Federal Constitution does not prohibit this result (*Campbell v. Holt* (1885), 115 U.S. 620, 29 L. Ed. 483), and, with the State constitutional prohibition expressed in *Blodgett* in question, we should enforce the clear mandate of the statute.

Even without *Lansing* and *Arnold Engineering*, however, I would not hesitate to apply the new limitations period to this case. To the extent that *Blodgett* survives as an interpretation of our State constitution, I would overrule the decision and adopt instead the view of the United States Supreme Court, which better reflects the nature and purposes of statutes of limitations. As Justice Jackson explained in his opinion for the Court in *Chase Securities Corp. v. Donaldson* (1945), 325 U.S. 304, 314, 89 L. Ed. 1628, 1635, 65 S. Ct. 1137, 1142:

"Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. [Citation.] They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the [a]voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a 'fundamental' right or what used to be called a 'natural' right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control."

The *Chase Securities* Court reaffirmed its decision in *Campbell* and found no Federal constitutional bar to State legislation that retroactively extended a limitations period and revived previously barred claims. As the Supreme Court noted, " 'multitudes of cases have recognized the power of the Legislature to call a liability into being where there was none before, if the circumstances were such as to appeal with some strength to the prevailing views of justice, and if the obstacle in the way of the creation seemed small.' " *Chase Securities*, 325 U.S. at 315, 89 L. Ed. at 1636, 65 S. Ct. at 1143, quoting *Danforth v. Groton Water Co.* (1901), 178 Mass. 472, 476, 59 N.E. 1033, 1034 (opinion for the court by Holmes, J.).

This rationale is persuasive, and I would conclude that the running of a statute of limitations does not grant a vested right to the party in favor of whom the statute operates. I would thus overrule *Blodgett* and interpret our State constitution as erecting no greater barrier to the legislation at issue here than is found in the United States Constitution.

In the present case, the defendant has not pointed to any particular hardship that might result from the revival of claims such as the plaintiff's. "This is not a case where [the defendant's] conduct would have been different if the present rule had been known and the change foreseen." (*Chase Securities*, 325 U.S. at 316, 89 L. Ed. at 1636, 65 S. Ct. at 1143.) The defendant certainly cannot be heard to argue that he committed the crimes involved here in reliance on the earlier statute of limitations. While the defendant would now be disappointed in the failure of his statute of limitations defense, "the existence of the policy at the time the action was commenced did not, under the circumstances, give [him] a constitutional right against change of policy before final adjudication." (*Chase Securities*, 325 U.S. at 316, 89

L. Ed. at 1637, 65 S. Ct. at 1143.) Moreover, the require-ment in the new limitations provision that the action be based on a criminal conviction establishes a particularly strong bulwark against the prosecution of unfounded claims. (See 735 ILCS 5/13—202.1(a) (West 1992).) For these reasons, I would enforce the new provision and hold that the plaintiff's cause of action is not barred by the State constitution, just as it is not barred by the Federal constitution.

Nor do I agree with the defendant's further conten-tion that application of the new legislation to the pres-ent case would violate the separation of powers doc-trine. (See Ill. Const. 1970, art. II, § 1.) As a general principle, when the applicable law has been changed during trial or on appeal, the trial judge or reviewing court will apply to the case the law that is in effect at the time the decision is rendered. (*Bradley v. School Board of City of Richmond* (1974), 416 U.S. 696, 711-12, 40 L. Ed. 2d 476, 488, 94 S. Ct. 2006, 2016; *United States v. Schooner Peggy* (1801), 5 U.S. (1 Cranch) 103, 110, 2 L. Ed. 49, 51; *People v. Fernetti* (1984), 104 Ill. 2d 19, 22; *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 571; *Rios v. Jones* (1976), 63 Ill. 2d 488, 494-95; *People ex rel. Bauer v. Elmhurst—Villa Park—Lombard Water Comm'n* (1960), 20 Ill. 2d 139, 144.) As the court stated in *Hughes v. Illinois Public Aid Comm'n* (1954), 2 Ill. 2d 374, 378, "Where no vested rights are involved this court must decide the issues on the law as it stands at the time of our decision and not as of the time the cause of action accrued or the time of the trial court's decision." Legislative elimination of the statute of limitations defense does not implicate any vested rights in the case at bar. (*Chase Securities*, 325 U.S. at 314, 89 L. Ed. at 1635, 65 S. Ct. at 1142.) Accordingly, I believe that the new limitations provision governs the present case, and I would remand the matter for further proceedings.