(No. 75877.—

JANIS E. SCHROCK, Appellee, v. CALVIN SHOE-MAKER *et al.*, Appellants (Bash and Schrock, Inc., Appellee).

*Opinion filed August 4, 1994.—Rehearing denied October 3, 1994.*

HARRISON, J., dissenting.

Cassidy & Mueller, of Peoria (David B. Mueller, of counsel), for appellants.

Heller, Holmes & Associates, P.C., of Mattoon (Harlan Heller and Rodney L. Smith, of counsel), for appellee Janis E. Schrock.

Quinn, Johnston, Henderson & Pretorius, Chrtd., of Peoria (Murvel Pretorius, Jr., and Scott R. Paulsen, of counsel), for appellee Bash & Schrock, Inc.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

Adlai J. Schrock (decedent) died on June 13, 1989, after he fell from a scaffold while working at a construction site in Champaign County. Schrock's widow, Janis Schrock (hereafter, the plaintiff), filed a complaint in the circuit court of Champaign County against the defendant owners of the construction site, Shoemaker and Goldfarb. The complaint sought to recover damages under the Structural Work Act (740 ILCS 150/9 (West 1992)) for the plaintiff's loss of consortium.

The defendants, in turn, filed a third-party complaint against the decedent's employer, Bash and Schrock, Inc. (employer), seeking contribution pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/2 (West 1992)). The employer then filed a motion to intervene in the original structural work action. The employer's motion alleged that its workers' compensation insurance carrier had paid and continued to pay benefits to the plaintiff for the death of her husband, pursuant to the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). The employer's motion sought to establish a workers' compensation lien upon any judgment or settlement that the plaintiff obtained in her structural work action against the defendant. The employer sought a lien pursuant to section 5(b) of the Workers' Compensation Act to reimburse the employer for the death benefits it paid and continued to pay the plaintiff. (820 ILCS 305/5(b) (West 1992).) The employer also filed a conditional motion for summary judgment or judgment on the pleadings, in the event that the trial court denied its motion to intervene. This conditional motion alleged that, if the court should refuse to impress a lien upon the plaintiff's recovery, a judgment should not be entered against the employer in the defendant's contribution action. The motion alleged that, under *Ko-*

*tecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, an employer's contribution liability is limited to its liability under the workers' compensation statute, and the employer had already exhausted its contribution liability by paying workers' compensation benefits to the plaintiff.

The trial court denied both of the employer's motions. The court found, however, that its orders involved a question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal from the orders would materially advance the ultimate termination of the litigation. Accordingly, the trial court entered an order certifying the following questions of law for interlocutory review pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308):

"1. Whether a recovery of death benefits by the plaintiff under Section 9 of the Structural Work Act is subject to a lien, credits or offsets to the extent of benefits payable by a third party defendant-employer under Section 7 of the Workers' Compensation Act?

2. If not, whether the employer who pays benefits under Section 7 of the Workers' Compensation Act can be subjected to a third party claim for contribution in a death case brought under the Structural Work Act?"

The appellate court allowed the employer's application for interlocutory appeal. The court answered the first certified question in the negative, holding that the plaintiff's recovery in the structural work action was not subject to a workers' compensation lien. The court also answered the second certified question in the negative, holding that a defendant can file a contribution claim against the decedent's employer, but that the employer's contribution liability is limited to its liability under the Workers' Compensation Act. (246 Ill. App. 3d 372.) We allowed the defendants' petition for leave to appeal (134 Ill. 2d R. 315).

Before turning to the questions raised by the parties, we briefly comment on the scope of review in this appeal.

As a general rule, an appeal to the appellate court may be taken only from a final judgment of the circuit court. Supreme Court Rule 308 provides a limited exception to this rule, and authorizes an appeal to the appellate court from nonfinal orders when the trial court "finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (134 Ill. 2d R. 308.) The appellate court may then "in its discretion" permit the appeal to be taken. (134 Ill. 2d R. 308.) When the appellate court renders a final judgment, either denying an application for appeal under Rule 308 or permitting an appeal and answering the certified questions, either party may petition this court for leave to appeal from the appellate court's judgment, pursuant to Supreme Court Rule 315(a) (134 Ill. 2d R. 315(a)). (See also *Healy v. Vaupel* (1990), 133 Ill. 2d 295.) If this court allows a petition for leave to appeal pursuant to Rule 315(a), the scope of our review is not limited to determining whether the appellate court answered the certified questions correctly. Pursuant to Supreme Court Rule 366(a)(5), this court may "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." (134 Ill. 2d R. 366(a)(5).) Bearing these principles in mind, we note that we initially consider the questions that the trial court certified to the appellate court, pursuant to Rule 308. In the interest of judicial economy and to reach an equitable result, however, we must go beyond the certified questions and provide a solution to all questions raised in this appeal.

I

We first consider whether the employer has a right to claim a lien upon any proceeds that the plaintiff may

obtain in a judgment or settlement of her structural work action against the defendant. The employer seeks to impose the lien so that it may recover benefits that it has paid to the plaintiff pursuant to section 7 of the Workers' Compensation Act (820 ILCS 305/7 (West 1992)). That section authorizes the payment of death benefits to the surviving spouse and dependents of a deceased employee and specifies the amount of compensation to be paid to such spouse and dependents. 820 ILCS 305/7 (West 1992).

Section 5(b) of the Workers' Compensation Act allows employers who have paid benefits to an employee or dependents of an employee to claim a lien on the proceeds of an action against a third party in certain instances. Section 5(b) provides:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought *by the injured employee or his personal representative* and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then *from the amount received by such employee or personal representative* there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.
>
> ***
>
> If *the injured employee or his personal representative agrees to receive compensation from the employer* or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, *the employer may have or claim a lien upon any award, judgment or fund out of which such employee*

*might be compensated from such third party."* (Emphasis added.) 820 ILCS 305/5(b) (West 1992).

An analysis of the specific wording of section 5(b) demonstrates that an employer's right to claim a workers' compensation lien is expressly limited to actions brought by and proceeds paid to "the injured employee or his personal representative." 820 ILCS 305/ 5(b) (West 1992).

The present action was not brought by the "injured employee or his personal representative." Rather, the plaintiff brought an action in her own name under the Structural Work Act (740 ILCS 150/9 (West 1992)). The Structural Work Act creates a distinct cause of action in the surviving spouse and/or dependents of a decedent in their individual capacities. That statute provides, in part:

> "For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; and *in case of loss of life* by reason of such wilful violation or wilful failure as aforesaid, *a right of action shall accrue to the surviving spouse of the person so killed,* the lineal heirs or adopted children of such person, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, *for a like recovery of damages* for the injuries sustained by reason of such loss of life or lives." (Emphasis added.) (740 ILCS 150/9 (West 1992).)

The present action is not an action brought on behalf of the decedent by his personal representative or estate seeking to recover direct damages for the *decedent's* injuries and death. Instead, it is an independent action brought in the surviving spouse's name to recover for injuries *she* suffered in her own right as a result of the death of the decedent. Specifically, the plaintiff's complaint alleges, in pertinent part:

> "Plaintiff has lost the service of her husband, which,

prior to his death, had been of great value to her, and she has been deprived of his affection, society, companionship, and consortium, as well as the services which her husband could and would have performed for her."

The plaintiff seeks to recover damages under the Structural Work Act for the loss of consortium she suffered as a consequence of her husband's death. Because the present action was brought in the plaintiff's own name, rather than by the decedent's personal representative, the employer has no right to claim a lien upon any recovery the plaintiff obtains in her independent structural work action. Accordingly, we affirm the appellate court's holding on this question.

Our holding here is consistent with the holding in *Page v. Hibbard* (1987), 119 Ill. 2d 41. In *Page*, an injured employee and his spouse entered into a settlement agreement with the third party. Under the terms of the settlement agreement, part of the settlement proceeds compensated the employee for his injuries, and part compensated the employee's spouse for her loss of consortium. The employer sought to impress a lien upon the entire recovery. This court held that the employer's lien attached only to the employee's settlement award, but did not attach to the spouse's loss of consortium award. Although *Page* did not involve the Structural Work Act, it adopted the position that we reiterate here. The court in *Page* stated:

"The statute grants the employer a right of reimbursement out of 'the amount received by such employee' in an action 'brought by the injured employee or his personal representative' in the amount of workers' compensation benefits paid to the employee or his personal representative. The Department paid no compensation to Mrs. Page for loss of consortium and was not required to under the Act. Too, an action for loss of consortium is not a derivative claim brought by the spouse as the personal representative of the employee, but is an independent action to recover for injuries the spouse has suffered, such as loss of

support and loss of society. (See *Brown v. Metzger* (1984), 104 Ill. 2d 30, 38; *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 208-09.) The Department's lien under section 5(b) of the Workers' Compensation Act did not attach to that portion of the settlement proceeds designated as a settlement of Mrs. Page's claim for loss of consortium." *Page*, 119 Ill. 2d at 47-48.

We likewise hold that the employer in the instant case may not assert a lien on any recovery the plaintiff obtains in her loss of consortium action under the Structural Work Act against the defendants.

## II

We next consider the second certified question, that is, whether an employer who pays benefits under the Workers' Compensation Act may be subjected to a third-party claim for contribution in a death action brought under the Structural Work Act. This court's decision in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, controls this question. *Doyle* held that an employer is liable for contribution to a third party under the Contribution Act, notwithstanding the exclusive-remedy provisions of the Workers' Compensation Act. Although *Doyle* did not involve a Structural Work Act claim, the court did not limit its holding to a particular form of action. Consequently, under *Doyle*, a contribution action may be brought by the defendants against the employer.

The appellate court here applied *Doyle* and determined that the defendants could maintain a contribution action against the employer. The appellate court ultimately held, however, that if the employer has already paid its maximum workers' compensation liability to the plaintiff, the defendants may collect nothing in their contribution action against the employer. The appellate court's decision rested upon a construction of this court's decision in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155. In *Kotecki*, this court held that the amount an employer is liable to pay in a contribu-

tion action may not exceed the amount of its liability under the Workers' Compensation Act. Applying this rule, the appellate court determined that, if the employer has paid its maximum workers' compensation liability to the plaintiff, it would not owe any amount to the defendants in the contribution action. The appellate court concluded that the employer had exhausted its contribution liability within the meaning of *Kotecki* when it paid the plaintiff workers' compensation benefits.

The defendants complain that the appellate court's approach has two major flaws. First, the appellate court paid "lip service" to their statutory right to contribution, but rendered it "nugatory in the economic sense." The defendants argue that they have the right to collect contribution even if the employer cannot impress a lien upon the plaintiff's recovery. They contend that the right to collect contribution is not related to or dependent upon the employer's right to recoup workers' compensation payments it made to the plaintiff. The defendants contend that the appellate court unfairly deprived them of their right to collect contribution from the employer, simply because the employer cannot recoup the workers' compensation benefits it paid to the plaintiff.

We recognize that the circumstances of this case are unique. In the ordinary case, when an employee sustains injuries in the course of employment, the employer pays workers' compensation benefits to the employee regardless of fault. If the employee thereafter successfully sues a third-party tortfeasor for his injuries, the employer has the right to recover workers' compensation payments it made to the employee from the award the employee receives from the third-party tortfeasor. If the third party brings a contribution action against the employer, the amount of contribution the employer

must pay is limited to "an amount no greater than" its workers' compensation liability. (*Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 157.) Ultimately, a negligent employer pays out no more than the amount it is obligated to pay under the workers' compensation statute.

In the instant action, however, the employer has paid workers' compensation benefits to the plaintiff, but has no lien upon any recovery the plaintiff may receive in her third-party action against the defendants. The defendants argue that an employer's inability to recoup compensation benefits it made to the plaintiff should not act as a bar to a defendant's right to collect limited contribution from that employer. Under the defendants' approach, however, an employer may ultimately pay the amount of its workers' compensation liability twice: once to the plaintiff in the form of death benefits under the workers' compensation statute and once to the defendants in the form of contribution liability. The appellate court concluded that this result was contrary to this court's decision in *Kotecki.* Accordingly, the court determined that, since the employer had paid its maximum workers' compensation liability to the plaintiff, the defendants could collect nothing in their contribution action against the employer.

The defendants argue that the approach adopted by the appellate court not only deprives the defendants of their right to contribution, but also permits the plaintiff to obtain a double recovery under the workers' compensation statute and the Structural Work Act. The defendants argue that the plaintiff, in effect, is attempting to recover twice for the same injuries: once under the Workers' Compensation Act and once under the Structural Work Act. The appellate court concluded that the plaintiff would not obtain a double recovery because her Structural Work Act claim only sought

damages for the *emotional* injuries she suffered because of her husband's death. The court concluded that the plaintiff's complaint did not seek compensation for loss of financial support she suffered as a result of her husband's death. The appellate court determined that, because the plaintiff was not attempting to recover for loss of financial support, there was no danger of double recovery. The workers' compensation benefits compensated the plaintiff for her deceased husband's earnings, but did not compensate her for her loss of consortium. The Structural Work Act claim, on the other hand, sought compensation for the plaintiff's loss of consortium, but did not seek damages for loss of financial support.

In her brief and during oral argument before this court, however, the plaintiff conceded that she is seeking the full range of damages recoverable under the Structural Work Act. The Structural Work Act permits an injured party to recover "any direct damages sustained," which includes "direct damages." The statute grants the surviving spouse of a deceased worker a cause of action to recover "a like measure of damages." This court has determined that the "direct damages" recoverable under the Structural Work Act include both the pecuniary loss the injured employee sustained and damages for loss of consortium the spouse suffered as a result of the employee's injuries. (*Harvel v. City of Johnston City* (1992), 146 Ill. 2d 277, 292; see also *Pickett v. Yellow Cab Co.* (1989), 182 Ill. App. 3d 62; *Scully v. Otis Elevator Co.* (1971), 2 Ill. App. 3d 185.) Moreover, this court has considered a loss of consortium claim as one seeking damages, not simply for loss of a spouse's society and companionship, but also for loss of the financial support the impaired spouse provided before his or her injury or death. See *Brown v. Metzger* (1984), 104 Ill. 2d 30, 34; *Page v. Hibbard* (1987), 119 Ill. 2d 41; *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 427.

Thus, we must consider the plaintiff's complaint as one seeking damages, not simply for loss of her husband's society, but also for loss of the financial support he provided to her. Construing the complaint in this manner, it is apparent that the potential for double recovery does exist. Through the workers' compensation benefits paid by the employer, the plaintiff has already been partially compensated for the loss of economic support she suffered as a result of the employee-decedent's death. The employer's insurance carrier has paid and continues to pay weekly death benefits to the plaintiff. Although the record does not disclose the amount of these benefits, the Workers' Compensation Act provides that the benefits paid to a surviving spouse shall be calculated at two-thirds of the deceased employee's gross average weekly wage. 820 ILCS 305/7(a), 8(b) (West 1992).

The plaintiff argues, however, that these benefits do not *fully* compensate her for her loss. She points out that the workers' compensation benefits do not reimburse her for one-third of the decedent's lost wages. Nor do they compensate her for the loss of consortium she sustained as a result of her husband's death.

It is evident, however, that the weekly workers' compensation benefits have compensated the plaintiff once for *part* of the economic loss that she sustained as a result of her husband's death. Specifically, those benefits have compensated the plaintiff for two-thirds of her husband's lost wages. She now seeks to recover damages for that same economic loss, as well as for other losses for which she has not been compensated, in her structural work action against the defendants. Because she brings the structural work action in her own name, the employer has no right to impress a lien to recover the workers' compensation payments it made to her from any award the plaintiff obtains from the defen-

dants. Because the workers' compensation payments were received from a collateral source (*i.e.*, the employer), they may not be used to diminish any recovery the plaintiff may obtain from the defendants. If the plaintiff recovers full damages for the loss of the decedent's wages and financial support in the structural work loss of consortium action, while retaining the workers' compensation benefits, she will receive a double recovery for the same loss.

The defendants argue that the best way to eliminate the potential for double recovery is to allow the employer to impress a lien upon the plaintiff's recovery from the defendants. They argue that they could then proceed with their claim for contribution to the extent of the employer's workers' compensation liability without undermining the rule established in *Kotecki*.

We conclude that the most efficient way to preclude the double-recovery problem, without undermining *Kotecki*, was proposed and adopted by this court in *Brown v. Metzger* (1984), 104 Ill. 2d 30, 35. *Brown* held that a loss of consortium action must be joined, whenever possible, with the injured or deceased spouse's cause of action. (*Brown*, 104 Ill. 2d at 35.) The court concluded that joinder of these related claims would not only preclude double-recovery problems, but would also reduce litigation expenses for the parties, conserve judicial time and resources and reduce court congestion. (*Brown*, 104 Ill. 2d at 35.) Under the rule adopted in *Brown*, unless the spouse bringing the loss of consortium action can prove facts demonstrating why joinder with the injured or deceased spouse is not possible, the loss of consortium action must be dismissed.

Here, the plaintiff could have joined her Structural Work Act claim with a claim under the Wrongful Death Act for the decedent's injuries. (735 ILCS 5/2—614 (West 1992); see also Restatement (Second) of Torts § 693,

Comment *b* (1977).) Joinder of these related claims would be particularly appropriate under the circumstances of this case. Joinder would enable the plaintiff to obtain full compensation, not only for her own injuries in the structural work action, but also for the *decedent's* injuries in the wrongful death action. Joinder of these related claims, however, would prevent the plaintiff from obtaining a double recovery for the decedent's lost wages.

Joinder is also an appropriate method of protecting the defendant's right to seek contribution from an employer, without undermining the protection that this court afforded employers in *Kotecki*. If the plaintiff's Structural Work Act loss of consortium claim is joined with a claim under the Wrongful Death Act for the deceased employee's damages, the employer will have the right to claim a lien upon any recovery the plaintiff obtains in the wrongful death action. The Wrongful Death Act states that any actions brought under that statute must be brought by the personal representative of the decedent. (740 ILCS 180/2 (West 1992).) As previously noted, section 5(b) of the Workers' Compensation Act permits an employer to assert a lien upon any award received in a third-party action brought by "the injured employee or his personal representative." 820 ILCS 305/5(b) (West 1992).

Ultimately, the defendants will have the right to pursue their contribution action against the employer in accordance with the Contribution Act and this court's decision in *Doyle v. Rhodes*. The employer's liability in the contribution action will be limited to the amount of its liability under the Workers' Compensation Act, in accordance with this court's decision in *Kotecki*. Moreover, the employer will not ultimately pay the amount of its workers' compensation liability twice, because it may claim a lien in the wrongful death action and

recoup any benefits it paid to the plaintiff/spouse for the employee-decedent's death. Thus, joinder of the plaintiff's claim under the Structural Work Act with the decedent's claim under the Wrongful Death Act preserves the defendant's right to seek contribution from the employer without exposing that employer to excessive liability in violation of the *Kotecki* rule.

We recognize, of course, that an action under the Wrongful Death Act must be commenced within two years after the decedent's death. (740 ILCS 180/2 (West 1992).) Here, the decedent employee died on June 13, 1989, and the time period for bringing a wrongful death action has therefore expired. Pursuant to our equitable powers, however, we toll the statute of limitations under the Wrongful Death Act, so that all of the controversies between the parties to this appeal may be resolved in an efficient and equitable manner. *Cesena v. Du Page County* (1991), 145 Ill. 2d 32.

Accordingly, we agree with the appellate court's conclusion that an employer who pays death benefits to the spouse or dependents of a deceased employee under the Workers' Compensation Act may be subjected to a third-party claim for contribution in a death case brought under the Structural Work Act. We hold, however, that a Structural Work Act loss of consortium claim brought by the spouse of a deceased employee must be joined with an action under the wrongful death statute for the decedent's damages.

We therefore reverse the judgments of the appellate court and the circuit court. We remand the cause to the circuit court with directions to dismiss the plaintiff's loss of consortium Structural Work Act claim without prejudice to her right to bring another action joining her structural work action with an action under the

Wrongful Death Act for the deceased employee's damages.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*

JUSTICE HARRISON, dissenting:

The majority is correct in holding that Bass and Schrock, Inc., the employer, is not entitled to impress a workers' compensation lien on any judgment or settlement plaintiff might receive on the claim she brought for loss of consortium under section 9 of the Structural Work Act (740 ILCS 150/9 (West 1992)). The majority is also correct that Shoemaker and Goldfarb, owners of the construction site, are entitled to seek contribution from Bash and Schrock. I dissent today only because I disagree with the majority's conclusion that plaintiff should be required to initiate a claim under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1992)) for her deceased husband's injuries as a precondition of being allowed to proceed with her loss-of-consortium claim under the Structural Work Act.

Although the majority's approach may have some practical appeal, it has no support in the law. *Brown v. Metzger* (1984), 104 Ill. 2d 30, 35, upon which the majority relies, holds only that where an injured party has *already* brought an action for personal injury, his spouse cannot pursue a loss-of-consortium claim independently. Rather, the loss-of-consortium claim must be joined with the injured spouse's action "unless the deprived spouse can prove facts demonstrating why joinder with the impaired spouse was not possible." *Brown,* 104 Ill. 2d at 35.

While this court may have the power to require joinder of cases which have already been filed, it has no authority to require a party to initiate a lawsuit in the first instance. This is especially true where, as here, the litigation is governed by statute.

Section 9 of the Structural Work Act expressly

authorizes surviving spouses such as plaintiff to recover "direct damages," which include damages for loss of consortium. (*Harvel v. City of Johnston City* (1992), 146 Ill. 2d 277, 293.) Nothing in the language of the Act purports to condition the recovery of such damages on the filing of a wrongful death action by the surviving spouse. To follow the majority's approach would therefore require us to rewrite the legislative scheme formulated by the General Assembly. This we may not do, for

> "[t]he only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the legislature where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning." *Belfield v. Coop* (1956), 8 Ill. 2d 293, 307.

The majority is properly concerned with the need to protect the employer against the possibility of having to pay sums in excess of its liability under the Workers' Compensation Act. (See *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155.) As the appellate court showed, however, that concern can be satisfied without having to engraft new restrictions on the Structural Work Act. All that need be done is to grant the employer a credit on its contribution liability for the payments it has made under the Workers' Compensation Act.

Accordingly, I would affirm the judgment of the appellate court.