RONALD L. DUNCAN *et al.*, Plaintiffs-Appellants, v. CHURCH OF THE LIVING GOD *et al.*, Defendants (Raymond Powell, d/b/a Powell Enterprises, *et al.*, Third-Party Plaintiffs-Appellants; Staalsen Construction Company, Third-Party Defendant-Appellee).

First District (4th Division)  Nos. 1—94—2643, 1—94—2689 cons.

Opinion filed March 14, 1996.—Rehearing denied April 11, 1996.

Donald J. Nolan and Albert E. Durkin, both of Law Offices of Donald J. Nolan, of Chicago, for appellants Ronald L. Duncan and Kathleen E. Duncan.

Dennis Minichello and Robert L. Reeb, both of Keck, Mahin & Cate, of Chicago, for appellants Raymond Powell and Church of the Living God.

Kiesler & Berman, of Chicago (John J. Piegore and Clinton J. Feil, of counsel), for appellee.

JUSTICE THEIS delivered the opinion of the court:

This appeal arises out of the trial court's dismissal of a third-party action for contribution. On December 22, 1987, while working as a bricklayer on a renovation project for the Church of the Living God (Church), Ronald L. Duncan incurred injuries when the scaffold where he worked fell through its support, causing him to fall. Ronald filed claims for negligence and violation of the Structural Work Act (740 ILCS 150/0.01 *et seq.* (West 1992) (repealed by Pub. Act 89—2, eff. February 14, 1995)) against Church and Raymond Powell, doing business as Powell Enterprises (Powell). Kathleen E. Duncan, Ronald's wife, sought recovery for loss of consortium. Powell was a member of Church's board of trustees and his business provided de-

molition and rubbish removal services on the construction site where Ronald was injured. Both Church and Powell filed third-party actions for contribution against Ronald's employer, Staalsen Construction Company (Staalsen). The trial court dismissed Church's and Powell's second-amended third-party complaints for contribution with prejudice based on Staalsen's waiver of its workers' compensation lien. Church, Powell and the Duncans now appeal.

On review, we must determine whether we have jurisdiction over the parties' appeals and whether the trial court properly dismissed the second-amended third-party complaints. Specifically, the appellants contend that Staalsen waived its right to assert the rule of *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 585 N.E.2d 1023 (1991), as an affirmative defense by purchasing liability insurance in excess of its liability under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). The appellants further maintain that the holding of *Kotecki* does not apply to claims under the Structural Work Act (740 ILCS 150/0.01 *et seq.* (West 1992)). Finally, the appellants contend that Staalsen's waiver of its workers' compensation lien does not discharge its liability to Kathleen Duncan on her claim for loss of consortium.

For the reasons which follow, we conclude that we have jurisdiction to consider the merits of the parties' appeals. We also conclude that the trial court properly dismissed the second-amended third-party complaints against Staalsen. Given the state of the record on appeal, we are unable to consider whether Staalsen's alleged purchase of insurance affects the availability of *Kotecki* as an affirmative defense. We also hold that *Kotecki* applies to actions under the Structural Work Act and that Kathleen Duncan's claim for loss of consortium is barred.

In order to reach the merits of the appeal, we are compelled to set forth the relevant procedural background. On September 29, 1993, Staalsen filed a motion to dismiss the third-party actions brought by Church and Powell. In its motion, Staalsen indicated that it paid Duncan $170,673.57 in worker's compensation. Also, Staalsen stipulated that it waived its workers' compensation lien and, therefore, under the rule announced in *Lannom v. Kosco*, 158 Ill. 2d 535, 634 N.E.2d 1097 (1994), the third-party actions should be dismissed. In *Lannom*, the Illinois Supreme Court held that an employer is entitled to a dismissal of actions against it where the employer waives its lien. On January 14, 1994, the court dismissed the third-party actions against Staalsen, without prejudice.

On June 29, 1994, Church and Powell filed a joint motion for "[r]econsideration," asking the court for leave to file second-amended

third-party complaints against Staalsen or, in the alternative, for a final order and a continuance of the trial. The record shows that Staalsen chose to stand on its September 29, 1993, motion to dismiss as its response to the second-amended third-party complaint. Nothing in the record shows that the parties responded to Staalsen's motion to dismiss.

The bystander's report of proceedings in the supplemental record states that on July 6, 1994, a hearing was held on Church and Powell's motion for reconsideration. On July 8, 1994, the trial court ruled on the motion as follows: (1) the plaintiffs are granted leave to file their response to the third-party plaintiffs' motion for reconsideration; (2) the third-party plaintiffs are granted leave to file their second-amended third-party complaints; (3) the third-party defendant's previously filed motion to dismiss shall stand as its response to the second-amended complaints; (4) the second-amended third-party complaints are dismissed with prejudice because the third-party defendant waived its workers' compensation lien pursuant to *Lannom*; (5) the purchase of liability insurance by Staalsen does not constitute a waiver of *Kotecki*; (6) there is no just reason to delay enforcement or appeal; and (7) the trial date is stricken.

■ Given the court's July 8 order, the primary issue before us is whether the trial court properly dismissed the second-amended third-party complaints with prejudice. First, however, we consider the issue of our jurisdiction over the parties' appeals. Both the third-party plaintiffs and the original plaintiffs filed separate notices of appeal pursuant to Supreme Court Rule 304(a). 134 Ill. 2d R. 304(a). Staalsen contests our jurisdiction over both.

The notice of appeal filed by Church and Powell states that they appeal from the trial court's July 8 order. Staalsen contends that Church and Powell have no right to appeal the July 8 order because they caused and consented to its entry. Based on the record, we find Staalsen's argument contrived. The bystander's report of proceedings indicates that the third-party plaintiffs prepared the order on appeal at the direction of the court. Further, the report states that Church and Powell did not consent to the dismissal of their second-amended third-party complaints. We conclude that Church and Powell have a right to appeal the July 8 order and we have jurisdiction over their appeal. See generally *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill. 2d 23, 55, 514 N.E.2d 150, 164 (1987).

We next examine our jurisdiction over the Duncans' appeal from the trial court's July 8 order. Staalsen argues that the Duncans have no standing to pursue the present appeal because the July 8 order did not pertain to them and they never filed a suit against Staalsen.

Staalsen also contends that the Duncans are not entitled to relief on appeal because they failed to raise any issues before the trial court by way of a pleading as required by section 2—406(b) of the Illinois Code of Civil Procedure. 735 ILCS 5/2—406(b) (West 1992).

■ We reject Staalsen's argument that section 2—406(b) limits the Duncans' right to appeal. The purpose of section 2—406(b) is to avoid multiplicity of lawsuits and the reduplication of evidence. *People v. Fiorini*, 143 Ill. 2d 318, 574 N.E.2d 612 (1991); *Mierzejwski v. Stronczek*, 100 Ill. App. 2d 68, 241 N.E.2d 573 (1968). Any party to a case may seek appellate review from a final judgment which is adverse to his or her interests. *St. Mary of Nazareth Hospital v. Kuczaj*, 174 Ill. App. 3d 268, 270-71, 528 N.E.2d 290, 292 (1988). Whether a party is actually aggrieved does not determine his or her right to appeal. *Kuczaj*, 174 Ill. App. 3d at 270-71, 528 N.E.2d at 292. Also, a party has standing to appeal where he or she has some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. *Corley v. James McHugh Construction Co.*, 266 Ill. App. 3d 618, 639 N.E.2d 1374 (1994).

We find that the Duncans arguably have demonstrated an interest in this appeal under the facts of this case. If the Duncans obtain a judgment in the underlying action, the presence or absence of Staalsen may affect the ability of defendants/third-party plaintiffs to satisfy the judgment. The Duncans' right to secure full compensation may be adversely affected if Church and Powell are unable to satisfy the judgment. See generally *Corley*, 266 Ill. App. 3d 618, 639 N.E.2d 1374.

■ Even if we did not have jurisdiction over the Duncans' appeal, their absence would not impact upon our resolution of the merits of this case. All of the issues raised by the Duncans are also raised by Church and Powell, except for one. The additional issue raised by the Duncans is whether Staalsen waived its right to invoke the affirmative defense in *Kotecki* by virtue of a contract with Church. We conclude that this issue was not properly preserved for appeal because it never was raised below. *Jackson v. Chicago Board of Education*, 192 Ill. App. 3d 1093, 549 N.E.2d 829 (1989).

Turning to the primary issue on appeal, we must determine whether the trial court erred in granting Staalsen's motion to dismiss Church's and Powell's second-amended third-party complaints. Staalsen stood on its previously filed motion to dismiss. Although the motion does not identify its statutory basis, upon review it is evident that the motion was brought pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure. 735 ILCS 5/2—619(a)(9) (West 1992).

The appellants maintain that the trial court erred in dismissing

the third-party actions because (1) Staalsen's purchase of insurance in excess of its workers' compensation liability should be deemed a waiver of *Kotecki* as an affirmative defense, (2) the trial court erred in dismissing the complaint because the rule of *Kotecki* does not apply in Structural Work Act cases, and (3) Staalsen's waiver of its workers' compensation lien does not discharge its liability to Kathleen Duncan for loss of consortium.

■ A section 2—619 motion to dismiss admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter which avoids or defeats the claim. *Joseph v. Collis*, 272 Ill. App. 3d 200, 206, 649 N.E.2d 964, 969 (1995). Subsection (a)(9) permits dismissal where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 1992). We review the trial court's decision to dismiss the second-amended third-party complaint *de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 619 N.E.2d 732 (1993).

With respect to the appellants' first contention, they argue that Staalsen purchased liability coverage above and beyond its liability under the Workers' Compensation Act. 820 ILCS 305/1 *et seq.* (West 1992). They maintain that the alleged purchase of insurance evidences an express intent to waive any right to assert *Kotecki* as an affirmative defense. They also maintain that the insurance company here will receive a windfall if *Kotecki* is applied because the defendant has paid premiums for coverage that will never be sought.

■ We find that the issue concerning Staalsen's insurance coverage was not raised properly in the trial court, and thus it is not properly before this court. The appellants do not dispute that Staalsen waived its workers' compensation lien, as it stipulated in its motion to dismiss. Therefore, the appellants had the burden of establishing that the defense articulated in the motion to dismiss is unfounded. *Kedzie*, 156 Ill. 2d 112, 619 N.E.2d 732.

Section 2—619(c) of the Illinois Code of Civil Procedure provides in part:

> "If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties ***." 735 ILCS 5/2—619(c) (West 1992).

The appellants affixed a variety of documents to their motion to reconsider, asking the court for leave to file a second-amended com-

plaint. Among the attachments are several pages of an insurance policy issued by the Insurance Company of Illinois. These documents are marked "EXHIBIT C." No affidavit describing or explaining the source of the attached documents is contained in the record. See 134 Ill. 2d R. 191 (concerning affidavits filed in connection with a motion to dismiss under section 2—619).

We find that the appellants have failed to meet their shifted burden of going forward on the issue of the effect of Staalsen's alleged purchase of insurance. The unauthenticated attachments affixed to the appellants' motion do not serve as an adequate response to Staalsen's motion to dismiss. See generally *Mutschler Kitchens of Chicago, Inc. v. Wineman*, 95 Ill. App. 3d 728, 420 N.E.2d 672 (1981). Furthermore, a thorough examination of the second-amended third-party complaints and attachments does not reveal anything which would have allowed the trial court to consider the issue concerning the impact of Staalsen's insurance coverage on its ability to assert an affirmative defense. Thus, we conclude that the issue is not properly before this court and cannot serve as a basis for reversal.

■ We next examine the issue of whether it was error for the trial court to dismiss the third-party complaints because the rule of *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 585 N.E.2d 1023 (1991), should not apply to claims brought under the Structural Work Act. In *Kotecki*, the Illinois Supreme Court held that an employer's liability in contribution is limited to the amount of its workers' compensation liability. The appellants contend that the holding of *Kotecki* conflicts with the purpose and spirit of the Structural Work Act.

■ The appellants acknowledge that *Schrock v. Shoemaker*, 159 Ill. 2d 533, 640 N.E.2d 937 (1994), and *Moore v. Centreville Township Hospital*, 158 Ill. 2d 543, 634 N.E.2d 1102 (1994), were Structural Work Act cases in which the Illinois Supreme Court applied the *Kotecki* rule. However, they argue that the parties never argued and the court never decided the precise issue of whether the special policy of the Structural Work Act should prevent the application of the *Kotecki* rule. The appellants have correctly identified the purpose of the Structural Work Act as encouraging safe work sites in order to prevent work-related accidents and injuries. *Simmons v. Union Electric Co.*, 104 Ill. 2d 444, 473 N.E.2d 946 (1984). The appellants attempt to carve out a special class of cases in which *Kotecki* should not apply based on the special class of individuals, construction workers, who are the focus of the Structural Work Act. Finally, the appellants contend that allowing employers to invoke the liability limitation in *Kotecki* discourages work-site safety and takes away an incentive for correcting hazardous work conditions.

We disagree with the appellants and conclude that the holding of *Kotecki* may be applied in Structural Work Act cases without thwarting the purpose of the Act. The Illinois Supreme Court decision in *Schrock* considered this issue when it addressed the following question certified for review:

> "[W]hether an employer who pays benefits under the Workers' Compensation Act may be subjected to a third-party claim for contribution in a death action brought under the Structural Work Act." *Schrock*, 159 Ill. 2d at 541, 640 N.E.2d at 941.

In *Schrock*, our supreme court determined that "[t]he employer's liability in the contribution action will be limited to the amount of its liability under the Workers' Compensation Act, in accordance with this court's decision in *Kotecki*." *Schrock*, 159 Ill. 2d at 547, 640 N.E.2d at 944. Similarly, in *Moore v. Centreville* the Illinois Supreme Court held that *Kotecki* applied to limit damages recoverable in contribution by defendants liable under the Structural Work Act.

The cases of *Schrock* and *Moore* clearly demonstrate that the Illinois Supreme Court intends for *Kotecki* to apply to third-party actions where a Structural Work Act claim is at issue. The Workers' Compensation Act provides protection for employees because employers must pay set compensation for injuries arising out of the course of employment. While the Act provides for efficient remedies and protection of employees, it also promotes the general welfare of this State. *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 384 N.E.2d 353 (1978). We find that the policies behind *Kotecki* do not conflict with the purpose of the Structural Work Act.

■ Finally, the appellants argue that the trial court erred in dismissing their second-amended third-party complaints because Staalsen's waiver of its workers' compensation lien has no bearing on its liability to Kathleen Duncan for loss of consortium. For the reasons articulated in *Christensen v. Northern Illinois Gas Co.*, 276 Ill. App. 3d 58, 657 N.E.2d 725 (1995), we hold that Staalsen's waiver of its workers' compensation lien discharges Staalsen's liability in contribution for loss of consortium.

Based on the foregoing, we affirm the trial court's dismissal of Church's and Powell's second-amended third-party complaints.

Affirmed.

CAHILL and O'BRIEN, JJ., concur.